IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| RALPH HERNANDEZ | § | |
| | § | |
| V. | § | A-14-CA-229-LY |
| | § | |
| WILLIAM STEPHENS, | § | |
| Director, Texas Dept. of Criminal Justice- | § | |
| Correctional Institutions Division | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

TO:  THE HONORABLE LEE YEAKEL
     UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 1); Respondent's Answer (Document 8); and Petitioner's reply (Document 9). Petitioner, proceeding pro se, has paid the filing fee for his application. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be dismissed.

**I. STATEMENT OF THE CASE**

**A.    Petitioner's Criminal History**

According to Respondent, the Director has custody of Petitioner pursuant to a judgment and sentence of the 299th Judicial District Court of Travis County, Texas. Petitioner was charged by indictment in Cause Nos. D-1-DC-08-302667, D-1-DC-08-302268, and D-1-DC-08-302269. In one

indictment, Petitioner was charged with committing the felony offense of robbery. In the other two indictments, Petitioner was charged with committing the felony offenses of aggravated robbery with a deadly weapon. Each indictment charged him as an habitual offender. Pursuant to a plea agreement, Petitioner entered pleas of guilty to the charges and pleas of true to the enhancement paragraphs. Petitioner was sentenced to 40 years in prison on December 19, 2008.

Petitioner did not directly appeal his convictions. He did, however, challenge his convictions in three state applications for habeas corpus relief signed on July 19, 2013. The Texas Court of Criminal Appeals denied the applications without written order on October 23, 2013. Ex parte Hernandez, Appl. Nos. WR-80,318-01; -02; -03.

**B.	Petitioner's Grounds for Relief**

Petitioner raises the following grounds for relief:

1. He is actually innocent because "he was sentenced illegally in State Court as a 'Habitual Felony Offender' when the very charging instrument used by The State of Texas did not meet the requirements to classify him as a Habitual Offender";

2. "Improper Sequence of Prior Convictions" – "Rendering the 40 year Habitual Sentence Void and Illegal"; and

3. He was denied effective assistance of counsel at trial because his counsel failed to investigate the state law for habitual offenders.

## II.  DISCUSSION AND ANALYSIS

**A.	Statute of Limitations**

Respondent moves to dismiss Petitioner's application as time-barred. Federal law establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. See 28 U.S.C. § 2244(d). That section provides, in relevant part:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

**B.     Application**

Petitioner's conviction became final, at the latest, on January 18, 2009, at the conclusion of time during which he could have appealed his conviction.  See TEX. R. APP. P. 26.2(a).  Therefore, Petitioner had until January 18, 2010, to timely file his federal application.  Petitioner did not execute his federal application for habeas corpus relief until March 7, 2014, more than four years after the limitations period had expired.  Petitioner's state applications did not operate to toll the limitations period, because they were filed long after the limitations period had expired.

Petitioner contends the untimeliness of his application should be excused, because he is actually innocent of being an habitual offender.  In McQuiggin v. Perkins, 133 S. Ct. 1924 (2013), the Supreme Court recently held a prisoner filing a first-time federal habeas petition could overcome the one-year statute of limitations in § 2244(d)(1) upon a showing of "actual innocence" under the

3

standard in Schlup v. Delo, 513 U.S. 298, 329 (1995). A habeas petitioner who seeks to surmount a procedural default through a showing of "actual innocence" must support his allegations with "new, reliable evidence" that was not presented at trial and must show that it was more likely than not that, in light of the new evidence, no juror, acting reasonably, would have voted to find the petitioner guilty beyond a reasonable doubt. See Schlup, 513 U.S. at 326–27 (1995); see also House v. Bell, 547 U.S. 518 (2006) (discussing at length the evidence presented by the petitioner in support of an actual-innocence exception to the doctrine of procedural default under Schlup). "Actual innocence" in this context refers to factual innocence and not mere legal sufficiency. Bousely v. United States, 523 U.S. 614, 623–624 (1998).

In this case, Petitioner's evidence is not new. In addition, his interpretation of the state habitual offender statute is incorrect. Petitioner was found guilty of first degree felonies in each of his cases, making his punishment range five years to life. His conviction was enhanced to habitual pursuant to § 12.42(d). Under this section, if it is shown that the defendant has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, his punishment range is life imprisonment or any term of not more than 99 years or less than 25 years. TEX. PENAL CODE § 12.42(d). As explained by the state habeas court, Petitioner's previous felonies qualified him as an habitual offender. Specifically, all three of Petitioner's indictments alleged Petitioner had two felony convictions in 2004 for family violence assault, and that previously he had been convicted in 1999 for intoxication assault, which conviction became final before the Petitioner committed the family violence assault offenses. Accordingly, Petitioner has not shown he is actually innocent of being an habitual offender.

The record does not reflect that any unconstitutional state action impeded Petitioner from filing for federal habeas corpus relief prior to the end of the limitations period.  Furthermore, Petitioner has not shown that he did not know the factual predicate of his claims earlier.  Finally, the claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review.

### III.  RECOMMENDATION

It is recommended that Petitioner's application for writ of habeas corpus be dismissed with prejudice as time-barred.

### IV.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in Slack v. McDaniel, 529 U.S. 473, 484 (2000).  In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Id.  "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists

5

of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

In this case, reasonable jurists could not debate the dismissal of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. Miller-El v. Cockrell, 537 U.S. 322, 327 (2003) (citing Slack, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court shall not issue a certificate of appealability.

## V.  OBJECTIONS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See 28 U.S.C. § 636(b)(1)(C);  Thomas v. Arn, 474 U.S. 140, 150-153 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is

ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 25th day of June, 2014.

　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　ANDREW W. AUSTIN
　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE